JACOB MENDLOWITCH, Appellant, *v.* JOHN P. CARROLL, Respondent.

First Department, July 2, 1924.

Conversion — action for conversion of money given to defendant as security for production of tax receipts and removal of encroachment after closing title — tax receipts were produced, encroachment removed and demand made for return of money — error to dismiss complaint on ground that unauthorized retention was not shown.

The complaint in an action for conversion of money given to the defendant as security for the production of tax receipts and the removal of an encroachment after the closing of title should not be dismissed on the ground that there was no proof of an unauthorized retention of money on the part of the defendant, where the plaintiff shows that the tax receipts were produced and the encroachment removed and that thereafter he made a demand on the defendant for the return of the money held as security.

APPEAL by the plaintiff, Jacob Mendlowitch, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of May, 1922, upon the dismissal of the complaint at the close of the plaintiff's case.

*Johnston & Messler* [*Benjamin E. Messler* of counsel], for the appellant.

*Joseph A. Kennedy* [*Charles J. McDermott* of counsel], for the respondent.

DOWLING, J.:

This action is brought in conversion. Defendant gave to plaintiff's assignor a receipt for the sum of $1,000 paid to him, as follows:

" NEW YORK, *December* 11, 1917.

" RECEIVED from Hugo Heumann on closing title to premises on north side of Verona Street, 200 feet easterly from Richards Street, in the Borough of Brooklyn, City of New York, by deed dated this day, made by said Hugo Heumann to Lillian Tickle the sum of $1,000 by check of Heumann Brothers as security for the production to the undersigned of receipts for the following unpaid taxes and water rates returned on Title Co.'s search, to wit:

| | | |
|---|---:|---:|
| Tax for the second half of the year 1917 | $672 | 75 |
| Meter No. 1 | 127 | 62 |
| Meter No. 2 | 88 | 40 |
| Meter No. 3 | 57 | 33 |
| Meter No. 4 | 46 | 60 |

and for the removal of the encroachment of about three feet of the iron girders upon the building to the west of the property described in said deed, within fifteen days as to said girders and thirty days as to the tax and water rates.

" JOHN P. CARROLL,
" *Atty. for Lillian Tickle.*"

Upon the trial, plaintiff introduced evidence tending to prove that all of the conditions to be performed by his assignor had been complied with. Admittedly, he produced and exhibited to defendant the receipted tax bills and water bills called for by the receipt within thirty days after its date. The encroachment of the iron girders described in the receipt was removed on the very same day the receipt was signed. This constituted full performance by the assignor, and he thereupon became entitled to the return of his security of $1,000. He demanded the sum from defendant on December 26, 1917, who refused to repay the same and converted it to his own use. On April 30, 1918, he duly assigned his right, title, claim and cause of action, and interest therein, to plaintiff.

At the close of plaintiff's case various motions to dismiss were made by defendant, none of which were specifically upheld by the court, who dismissed upon the ground that " it has not been established that there has been an unauthorized retention on the part of the defendant."

In this we think the learned trial court was in error. Plaintiff had made out a *prima facie* case and his complaint should not have been dismissed.

The judgment appealed from will, therefore, be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.